Kazerouni Law Group, APC
1546 NW 56th Street
Seattle, WA 98107
Ph.: 800 400-6808

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| FRED MILLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. Plaintiff FRED MILLER ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Royal Administration Services, Inc. ("Defendant") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

CLASS ACTION COMPLAINT - 1

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12;

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Bellingham, County of Whatcom, State of Washington which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has intentionally availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Bellingham, County of Whatcom, State of Washington. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Florida with a corporate headquarters at 51 Mill Street, Building F, Hanover, Massachusetts 02339, and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Washington, in the County of Whatcom, and within this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Washington, County of Whatcom, and within this judicial district.

10. At no time did Plaintiff ever enter into a business relationship with Defendant.

11. Beginning in September 2015, Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number ending in "2960" an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A) to make unsolicited phone calls.

12. On or about September 9, 2015 at approximately 10:40 a.m. P.S.T., Defendant initiated a telephonic communication from telephone number (916) 313-4201 to Plaintiff's telephone number ending in "2960."

KAZEROUNI LAW GROUP, APC
1546 NW 56TH STREET
SEATTLE, WA 98107
PH.: 800 400-6808

13. Then on or about September 10, 2015, at approximately 3:30 p.m. P.S.T., Defendant initiated another telephonic communication (916) 313-4201 to Plaintiff's telephone number ending in "2960."
14. At no time did Plaintiff consent to receive such unsolicited telephone calls from Defendant.
15. These telephonic communications constituted a telephone solicitation, as defined by 47 U.S.C. § 227(a)(4).
16. Defendant's calls constituted calls that were not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).
17. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
18. Defendant did not have prior written express consent to call Plaintiff and make these telephone solicitations, as defined by 47 U.S.C. § 227(a)(4).
19. On information and belief, Plaintiff believes that Defendant used an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) to call Plaintiff because Plaintiff heard dead air prior to speaking Defendant's representative.
20. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
21. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).
22. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227 et seq.

//
//
//
//
//
//

Kazerouni Law Group, APC
1546 NW 56th Street
Seattle, WA 98107
Ph.: 800 400-6808

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

24. Plaintiff represents, and is a member of the Class, consisting of:

    > All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone, made through the use of any automatic telephone dialing system and/or with an artificial or pre-recorded voice, which call was not made for emergency purposes, within the four years prior to the filing of the Complaint.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via an ATDS and/or a prerecorded voice on their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

KAZEROUNI LAW GROUP, APC
1546 NW 56TH STREET
SEATTLE, WA 98107
PH.: 800 400-6808

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited telephone calls (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

   b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

   d) Whether Plaintiff and the Class are entitled to any other relief.

30. As a person who received at least one unsolicited telephone call without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with

KAZEROUNI LAW GROUP, APC
1546 NW 56TH STREET
SEATTLE, WA 98107
PH.: 800 400-6808

federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
1546 NW 56TH STREET
SEATTLE, WA 98107
PH.: 800 400-6808

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

KAZEROUNI LAW GROUP, APC
1546 NW 56TH STREET
SEATTLE, WA 98107
PH.: 800 400-6808

# Trial By Jury

43. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 26, 2016

Respectfully submitted,

**HYDE & SWIGART**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq. (WSBA # 49422)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (WSBA # 48522)
ak@kazlg.com
1546 NW 56th Street
Seattle, WA 98107
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Counsel for Plaintiff*